IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARKWANN LEMEL GORDON | : | NO. 99-348-2 |

MEMORANDUM

Bartle, J.                                                    August 22, 2022

        The court has before it a second motion of defendant
Markwann Lemel Gordon to reduce his sentence and grant
compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Gordon's
motion for compassionate release for failure to state an
extraordinary and compelling reason pursuant to § 3582(c)(1)(A)
was previously denied.  See United States v. Gordon, 2022 WL
377395 (E.D. Pa. Feb. 7, 2022).  The Court of Appeals affirmed.
See United States v. Gordon, 2022 WL 2582547 (3d Cir. 2022).

I

        The facts of this matter are set forth more fully in
this court's previous memorandum denying Gordon's motion for
compassionate release.  In 1999, a jury convicted Gordon of
charges stemming from seven armed robberies in Philadelphia
between 1995 and 1997 while he was twenty-one through
twenty-four years old.  On September 29, 2000, Judge Stewart
Dalzell, now deceased, sentenced Gordon to 1,688 months, 1,500
of which were required under 18 U.S.C. § 924(c) at the time.

Gordon's sentences are running consecutively.  The Court of
Appeals affirmed his sentence.  See United States v. Gordon, 290
F.3d 539 (3d Cir. 2002).

        Gordon, now forty-eight years old, is incarcerated at
FCI Coleman in Florida, a medium custody facility.  He has been
in custody since 1999 and has served approximately 312 months,
including credit for good conduct.  He is effectively serving a
life sentence.  During his incarceration, he has completed over
125 courses and 500 hours of educational programming.  He has
received numerous certificates in areas such as anger
management, victim impact, and behavior modification.  He has
been the instructor for multiple courses and has learned to
read, write, and understand Spanish.  He has not received a
disciplinary violation in over eleven years.

                                II

        This court previously denied Gordon's motion for
compassionate release for failure to state an extraordinary and
compelling reason warranting a reduction in sentence pursuant to
18 U.S.C. § 3582(c)(1)(A).  That statute provides, in relevant
part:

          The court may not modify a term of imprisonment once
          it has been imposed except that—
          (1)  in any case—
               (A)   the court, upon motion of the
               Director of the Bureau of Prisons, or
               upon motion of the defendant after the
               defendant has fully exhausted all

administrative rights to appeal a
failure of the Bureau of Prisons to
bring a motion on the defendant's behalf
or the lapse of 30 days from the receipt
of such a request by the warden of the
defendant's facility, whichever is
earlier, may reduce the term of
imprisonment (and may impose a term of
probation or supervised release with or
without conditions that does not exceed
the unserved portion of the original
term of imprisonment), after considering
the factors set forth in section 3553(a)
to the extent that they are applicable,
if it finds that—

> (i)  extraordinary and compelling
> reasons warrant such a reduction
> . . .

and that such a reduction is consistent
with applicable policy statements issued
by the Sentencing Commission.

18 U.S.C. § 3582(c).

Congress has also enacted 28 U.S.C. § 994(t) which

limits § 3582(c)(1)(A):

The Commission, in promulgating general
policy statements regarding the sentencing
modification provisions in section
3582(c)(1)(A) of title 18, shall describe
what should be considered extraordinary and
compelling reasons for sentence reduction,
including the criteria to be applied and a
list of specific examples.  Rehabilitation
of the defendant alone shall not be
considered an extraordinary and compelling
reason.

18 U.S.C. § 994(t).

Application note 1(A) of section 1B1.13 of the

Sentencing Guidelines explains that "extraordinary and

compelling reasons" exist where the defendant is: (1) "suffering
from a terminal illness" including among others "advanced
dementia"; (2) "suffering from a serious physical or medical
condition"; (3) "suffering from a serious functional or
cognitive impairment"; or (4) "experiencing deteriorating
physical or mental health because of the aging process."  The
latter three grounds also require that the impairment
"substantially diminishes the ability of the defendant to
provide self-care within the environment of a correctional
facility and from which he or she is not expected to recover."

       The notes to the Sentencing Guidelines also include
reasons related to the age of a defendant who is at least
sixty-five years old and reasons related to family circumstances
as a basis to reduce a sentence.  There is also a catchall
provision which states that a sentence may be reduced where
"[a]s determined by the Director of the Bureau of Prisons, there
exists in the defendant's case an extraordinary and compelling
reason other than, or in combination with, the reasons described
in subdivisions (A) through (C)."

                                III

       Our Court of Appeals explained the process for motions
for compassionate release in United States v. Andrews, 12 F.4th
255, 257-58 (3d Cir. 2021).  A court may grant such a motion if
it finds that a sentence reduction is "(1) warranted by

'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable."  Id. at 258 (quoting 18 U.S.C. § 3582(c)(1)(A)).

Gordon once again points to the length of his sentence, particularly as compared to other defendants charged in relation to the same armed robberies who pleaded guilty and have since been released, the changes in sentencing law since his sentence, and his remarkable rehabilitation as the basis for finding an extraordinary and compelling reason to grant compassionate release.

Our Court of Appeals, however, has made clear that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance.  'There is nothing "extraordinary" about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute.'"  Id. at 260-61 (quoting United States v. Thacker, 4 F.4th 569, 574 (7th Cir. 2021)). Our Court of Appeals further explained that "considering the length of a statutorily mandated sentence as a reason for modifying a sentence would infringe on Congress's authority to set penalties."  Id. at 261.  Gordon's 1,688-month sentence cannot serve as the basis for finding an extraordinary and

compelling reason for compassionate release because it was lawful when imposed.

Neither can the intervening changes in sentencing law that were not made retroactive be an extraordinary and compelling reason for release.  While the First Step Act of 2018 changed the sentencing landscape for § 924(c) offenses, it did not make those changes retroactive.  See Pub. L. No. 115-391, § 403 (2018).  Our Court of Appeals in Andrews explained that "[i]n passing the First Step Act, Congress specifically decided that the changes to the § 924(c) mandatory minimums would not apply to people who had already been sentenced" and that "we will not construe Congress's nonretroactivity directive as simultaneously creating an extraordinary and compelling reason for early release."  Andrews, 12 F.4th at 261.

Gordon cites to the Supreme Court's recent decision in United States v. Concepcion, 142 S. Ct. 2389 (2022), which he argues overrules the decision of our Court of Appeals in Andrews.  This interpretation of Concepcion is not correct. That case concerned a defendant whose original sentence was based on much heavier penalties for crack cocaine than for powder cocaine and a career offender designation.  The severe disparities between crack cocaine and powder cocaine were significantly reduced by the later enacted Fair Sentencing Act of 2010, Pub. L. No. 111-220 (2010).  The First Step Act of 2018

made retroactive this new sentencing regime.  Concepcion, 142 S. Ct. at 2396.  The First Step Act substantively changed the law so that Concepcion became eligible for a sentence reduction.  The thrust of the Supreme Court's decision was that the district court had broad discretion to consider at Concepcion's resentencing changes in law and facts since his original sentencing, including the altered sentencing regime.  The Supreme Court held that "[t]he only limitations on a court's discretion to consider any relevant materials at an initial sentencing or in modifying a sentence are those set forth by Congress in a statute or by the Constitution."  Id. at 2400.

        That case, however, did not concern a motion for compassionate release.  It involved a motion made pursuant to the First Step Act due to that act's substantive change to the sentencing law under which Concepcion now qualified for a reduction in sentence.  See e.g., United States v. King, 40 F.4th 594, 596 (7th Cir. 2022).  This court has no such substantive retroactive changes to sentencing law to apply in this case.  Unfortunately for Gordon, Congress did not make the changes to § 924(c) retroactive when it passed the First Step Act.  His case is therefore dissimilar from Concepcion's.  The fact that the First Step Act also made procedural changes when moving for compassionate release so that prisoners may bring their own motion rather than rely on the Bureau of Prisons does

not mean that the Supreme Court's decision in <u>Concepcion</u> applies
to cases such as Gordon's.

This court is left to evaluate Gordon's motion for an
extraordinary and compelling reason pursuant to our Court of
Appeals' decision in <u>Andrews</u>.  The Court of Appeals has
foreclosed finding an extraordinary and compelling reason based
on the duration of a lawfully imposed sentence or subsequent
non-retroactive changes to the sentencing law.  <u>See</u> <u>Andrews</u>, 12
F. 4th at 260-61.  Gordon's citation to cases in this district
that were decided before <u>Andrews</u> was issued are not now
relevant.  Neither is the decision of the Court of Appeals for
the First Circuit in <u>United States v. Ruvalcaba</u> which found the
opposite of our Court of Appeals with respect to consideration
of non-retroactive changes in sentencing law to determine
whether an extraordinary and compelling reason exists for
compassionate release.  <u>See</u> 26 F.4th 14, 16 (1st Cir. 2022).
This court is bound by the decisions of our Court of Appeals,
not those in the First Circuit.  In addition, Congress has
explicitly stated that rehabilitation alone shall not be an
extraordinary and compelling reason for compassionate release.
<u>See</u> 28 U.S.C. § 994(t).

Were Gordon to present an extraordinary and
compelling reason to this court in accordance with 18 U.S.C.
§ 3582(c)(1)(A) and the Sentencing Guidelines, this court could

then consider the current sentencing landscape at the next step of the analysis when weighing the factors under 18 U.S.C. § 3553(a).  See Andrews, 12 F.4th at 262.  Absent an extraordinary and compelling reason for compassionate release as provided in the statute, however, this court's hands are tied with respect to Gordon's motion for compassionate release.

As explained in the previous memorandum denying Gordon's first motion for compassionate release, this court has rarely seen a case as compelling as this for a defendant's release from prison.  Gordon has come to the wrong place for relief.  Any remedy lies with presidential clemency, other executive action, or further change in the law by Congress.

The second motion of Markwann Lemel Gordon to reduce his sentence and grant compassionate release under 18 U.S.C. § 3582(c)(1)(A) regrettably will be denied.