```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :      CRIMINAL ACTION
                                :
          v.                    :
                                :
MARKWANN LEMEL GORDON            :      NO. 99-348-2
```

<u>MEMORANDUM</u>

Bartle, J.                                          April 11, 2024

      Before the court are the motions of defendant Markwann Lemel Gordon to vacate, set aside and/or correct his sentence under 28 U.S.C. § 2255 (Docs. # 176, 180, 183 and 184).

      On December 13, 1999, a jury found Gordon guilty of seven counts of conspiracy to commit bank robbery (18 U.S.C. § 371), four counts of armed bank robbery (18 U.S.C. § 2113(d)), three counts of attempted armed bank robbery (18 U.S.C. § 2113(d) and seven counts of using and carrying a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)). The four armed bank robberies and three attempted armed bank robberies, all involving violence, took place in Philadelphia or its suburbs between 1995 and 1997. At the time of these offenses, Gordon was between twenty-one and twenty-four years old.

      Gordon was arrested on May 27, 1999 and has been in federal custody ever since. At his sentencing on September 29, 2000, my late colleague, Judge Stewart Dalzell, imposed

concurrent sentences totaling 188 months on the conspiracy and robbery counts.  As to the first § 924(c) count, he imposed a mandatory term of imprisonment of five years, or sixty months, and a mandatory minimum term of twenty years, or 240 months, on each of the six successive § 924(c) counts.  All seven of the § 924(c) counts were to run consecutively to each other and to the 188 months on the conspiracy and robbery counts.  The total time of imprisonment was 1,688 months – a de facto life sentence. The Court of Appeals affirmed.  See United States v. Gordon, 290 F.3d 539 (3d Cir. 2002).  From what has previously been reported to the court, Gordon has become a model prisoner since 2010 and appears no longer to pose a danger to society.

      Gordon argues that his sentences under § 924(c) predicated on his four armed robberies and his three attempted armed robberies must be vacated because the underlying offenses were not crimes of violence.  Section 924(c)(3)(A) defines a crime of violence as an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

      The Supreme Court has held that a court must use the categorical approach in determining whether a predicate crime is a crime of violence.  United States v. Taylor, 596 U.S. 845, 850 (2022).  Under this approach, the facts of the underlying crime are irrelevant, no matter how horrendous they may be.  Id.  The

only issue is whether it is possible to commit elements of the charged crime without violence, that is without the use, attempted use, or the threatened use of physical force.  If it is possible to do so, a § 924(c) conviction based on that crime as a predicate cannot be sustained.

Our Court of Appeals has held in <u>United States v. Wilson</u>, 880 F.3d 80 (3d Cir. 2018), that bank robbery is a crime of violence and in <u>United States v. Jordan</u>, No. 22-2153, 2024 WL 1245344, at *1 (3d Cir. Mar. 25, 2024) that armed bank robbery is a crime of violence.  To the extent Gordon challenges his § 924(c) convictions which are premised on the four completed armed bank robberies, his § 2255 motions are without merit.

The remaining question is whether an attempted armed bank robbery under § 2113(d) is a crime of violence.  The Supreme Court's decision in <u>Taylor</u> concerning an attempted Hobbs Act robbery, 18 U.S.C. § 1951(a), is informative.  Section 1951(a) provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

- 3 -

In Taylor, the Supreme Court first held that based on the categorical approach, to prove an attempted robbery, the Government must establish that defendant intended to take or obtain property unlawfully by means of actual or threatened force and completed a substantial step toward that goal. Taylor, 596 U.S. at 850-51. It concluded that an attempted Hobbs Act robbery is not a crime of violence and thus a sentence under § 924(c) may not be imposed as a result of that crime.

The Supreme Court illustrated that point with a hypothetical. See id. at 851-52. Adam tells a friend he is planning to rob a certain store on a certain date. He researches the store security and the time when the cash registers hold the most money. He buys a ski mask, plots his escape route and recruits his brother to drive the getaway car. In addition, he drafts a note, "your money or your life." When Adam crosses the threshold of the store on the appointed day, the police arrest him. This is sufficient for a conviction for attempted Hobbs Act Robbery as he had the intent to commit the robbery and his actions constituted a substantial step toward that goal. Id. at 852. Nonetheless, since Adam's actions never involved violence as defined under § 924(c)(3)(A), a § 924(c) conviction based on that underlying offense is precluded.[1]

---

1. Our Court of Appeals has held that a completed Hobbs Act robbery is a crime of violence. United States v. Stoney, 62

The underlying attempted armed robberies charged here, of course, were not Hobbs Act attempted robberies of stores in violation of § 1951(a).  Gordon's offenses involved banks.  He was charged under § 2113(d) which provides:

> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

The relevant portion of § 2113(a) incorporated into § 2113(d) reads:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains . . . any property or money . . . belonging to, or in the care, custody, control, management, or possession of, any bank, . . . Shall be fined under this title or imprisoned not more than twenty years, or both.

Under the categorical approach, this court must ignore the specifics of what Gordon did, no matter how violent in fact.  Instead, it must determine whether an attempted armed bank robbery always requires the use, attempted use, or the threatened use of physical force.  Our Court of Appeals answered this question in the negative with respect to attempted bank

---

F.4th 108, 114 (3d Cir. 2023).  Thus, it can be a predicate to a § 924(c) conviction.

robbery in United States v. Garner, 915 F.3d 167 (3d Cir. 2019). There, Garner was tried for attempted bank robbery under 18 U.S.C. § 2113(a). Id. at 169. He had proposed to an acquaintance named Saber that Saber drive the getaway car in a bank robbery Garner was planning. Unbeknownst to Garner, Saber was an FBI informant. A number of ensuing phone calls between Garner and Saber were recorded. Id. at 170. Garner had also involved a third person, Ruben Marshall, who participated in the planning of the robbery. On the day before the robbery, Saber picked up Garner in Saber's car. Id. Once in the car, the FBI arrested Garner. Found in the car was Garner's backpack containing ski masks, a loaded gun, gloves, two-way radios, and ammunition. Id.

The Court of Appeals upheld Garner's conviction. It ruled that the Government had established attempted bank robbery by proving that Garner had the requisite intent to commit bank robbery and that he "'performed an act amounting to a "substantial step" toward the commission of that crime.'" Id. (quoting United States v. Hsu, 155 F.3d 189, 202 (3d Cir. 1998)). Clearly, this crime is not a crime of violence because Garner committed it without the use, attempted use, or threatened use of physical force as defined in § 924(c)(3)(A).

Our Court of Appeals in Jordan explained that armed robbery was a crime of violence because the Government must

prove not only the elements in § 2113(a) but also the additional element in § 2113(d) that the accused must "assault[] any person or put[] in jeopardy the life of any person by the use of a dangerous weapon or device." See Jordan, 2024 WL 1245344, at *7.  Sometimes the court must apply what is known as the modified categorical approach as it did in Jordan to determine if the underlying crime was a crime of violence.  This occurs when the criminal statute at issue is divisible.  Section § 2113(d) is divisible because it incorporates an offense defined in § 2113(a) and a separate offense defined in § 2113(b).  Id. at *3-4.  In Jordan, the defendant was charged with the elements of § 2113(a) and not with those of § 2113(b), which involve the stealing or purloining of property or money.  Id. at *4.  Thus, the Jordan court applied the modified categorical approach in its analysis of § 2113(d) by concluding the elements of § 2113(a) but not those of § 2113(b), constituted a crime of violence.

Taylor explained that attempted Hobbs Act robbery is not a crime of violence, Garner demonstrated that attempted bank robbery is not a crime of violence, and Jordan established that armed bank robbery is a crime of violence.  Following the reasoning of these precedents, in order for a defendant to be found guilty of attempted armed bank robbery, the jury must find that the Government has proven that the defendant had the intent

to commit armed bank robbery as defined under § 2113(d), which incorporates § 2113(a), and took a substantial step toward doing so.

Suppose the hypothetical Adam did everything that Garner did but in addition approached the door of the bank with a cocked firearm in his outstretched hand. At this point he was arrested. No reason appears why a jury may not find him guilty of attempted armed bank robbery as he had the requisite intent and had taken a substantial step toward effecting that offense. Yet, in the case of both Adam and Garner, no person was subjected to the use, attempted use, or threatened use of physical force. Since Adam could commit attempted armed bank robbery under § 2113(d) without violence as defined in § 924(c)(3)(A), the modified categorical approach forbids the conviction of anyone under § 924(c) tied to that crime.

The Government argues that Taylor is not applicable here because an attempt to threaten a Hobbs Act robbery under § 1951(a) does not require the utterance of a threat but only preparation to utter the threat. In contrast, the Government maintains that an attempted armed bank robbery under § 2113(d) takes place only when the attempt is accompanied by actual force, violence or intimidation. This position has been adopted in several circuits. See, e.g., Collier v. United States, 989 F.3d 212, 221 (2d Cir. 2021); United States v. Thornton, 539

F.3d 741, 747-48 (7th Cir. 2008); United States v. Bellew, 369 F.3d 450, 454 (5th Cir. 2004).  Nonetheless, the law is to the contrary in the Third Circuit as a result of Garner and also to the contrary in a number of other circuits.  See, e.g., United States v. Wesley, 417 F.3d 612, 618 (6th Cir. 2005); United States v. Moore, 921 F.2d 207, 209 (9th Cir. 1990); United States v. McFadden, 739 F.2d 149, 152 (4th Cir. 1984).

The Government further argues that this court should not be bound by Garner because the Government at that time did not discern the distinction between the two statutes and therefore erroneously pursued a § 924(c) conviction based on attempted bank robbery.  Even if the Government's belated distinction is correct, it is not the role of this court to side-step the Court of Appeals' decision in Garner.

This court again points out that both Taylor and Garner explained that attempted Hobbs Act robbery and attempted bank robbery consist of the intent to commit the completed robbery and the taking of a substantial step toward that end.  This formulation with respect to attempt to commit a crime is well established law.  In this court's view, attempted robbery under both statutes can take place without violence as illustrated by the examples described above.

Judge Dalzell, in accord with long-standing precedent, correctly charged the jury in this case over 20 years ago that

attempted armed bank robbery takes place when the defendant has the intent to commit armed bank robbery and takes "a substantial step in an effort to bring about or accomplish the crime."  His charge conformed to the Third Circuit Model Criminal Jury Instructions § 6.18.2113D and § 7.01. Under the modified categorical approach, Gordon may not be convicted on the § 924(c) counts tied to the three underlying attempted armed bank robberies.  Accordingly, the § 924(c) convictions and sentences of Gordon on Counts 9, 21, and 24 predicated on his attempted armed bank robberies will be vacated and a new sentencing hearing will be scheduled.